# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 22-5232

September Term, 2022

1:21-cv-02838-JEB

**Filed On:** May 31, 2023

William Edward Powell,

      Appellant

    v.

Internal Revenue Service and United States
Department of the Treasury,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Millett, Pillard, and Rao, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's June 30, 2022 and August 29, 2022 orders be affirmed. The district court correctly concluded that appellant was not affected by the Internal Revenue Service's ("IRS") decision to process his document requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Appellant has not shown that he would have received different or additional documents if the agency had processed his requests under the Privacy Act, 5 U.S.C. § 552a. In addition, the district court correctly concluded that, insofar as appellant made valid requests, the IRS gave him all responsive records located through an adequate search. The court need not consider appellant's arguments on this point, which were not raised in his opening brief. See Pennsylvania Elec. Co. v. FERC, 11 F.3d 207, 209 (D.C. Cir. 1993) ("We have said before, and we say again, that ordinarily we will not consider arguments raised for the first time in a reply brief."). In any event, the declaration of Senior Disclosure Specialist Timothy Bouks demonstrates that the IRS's search for responsive documents was adequate. See Mobley v. CIA, 806 F.3d 568, 581 (D.C. Cir. 2015) ("Agency affidavits—so long as they are relatively detailed and non-conclusory—are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.") (internal quotation marks omitted).

Appellant requested certain records retrievable through the IRS's Information Data Retrieval System using specified "command codes." The Bouks declaration explains that, while some of the command codes specified by appellant were defective, the IRS gave appellant all responsive records located by using the specified command codes that were valid and complete. The declaration further explains that the IRS also gave appellant additional records located by using certain command codes beyond those he specified. Finally, appellant contends that the records he received from the agency are missing certain information that he thought they would contain, but this assertion is insufficient to rebut the statement in Bouks' declaration that no data was altered or removed from the records.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**